IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **GEORGE WALTER BREWSTER, III,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | NO. 4:23-cv-00165-CDL-MSH |
| Judge **ARTHUR L. SMITH,** | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Plaintiff George Walter Brewster, III, who is currently being held in the Muscogee County Jail in Columbus, Georgia, has filed a motion to proceed *in forma pauperis* on appeal. Mot. for Leave to Appeal *In Forma Pauperis*, ECF No. 8. Plaintiff seeks to appeal the Court's Order dismissing the complaint pursuant to the three strikes rule. Order Dismissing Compl., ECF No. 5; J., ECF No. 6; Notice of Appeal, ECF No. 7.

Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis

must file a motion in the district court. The party must attach an affidavit that:
    (A) shows . . . the party's inability to pay or to give security for fees and costs;
    (B) claims an entitlement to redress; and
    (C) states the issues that the party intends to present on appeal.

(2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed in forma pauperis. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Plaintiff's application and certified trust fund account statement indicate that he is unable to prepay the $505 appellate filing fee.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *Morris v. Ross*, 664 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

As an initial matter, Plaintiff's notice of appeal is untimely. In this regard, Fed. R.

App. P. 4(a)(1) requires a notice of appeal in a civil case to be filed within thirty days after entry of the judgment or order that the appellant is seeking to appeal. Here, the order dismissing the complaint was entered on October 12, 2023. Order Dismissing Compl., ECF No. 5. Plaintiff, however, did not sign his notice of appeal until March 8, 2024, several months after the time for filing the notice of appeal had passed.[1]

Moreover, this Court's review of the issues addressed in the notice of appeal, motion for leave to appeal *in forma pauperis*, and order dismissing this case demonstrates that Plaintiff's appeal is frivolous as Plaintiff has raised no issues with arguable merit. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff). The appeal, therefore, is not brought in good faith.

Consequently, Plaintiff's motion for leave to appeal in forma pauperis (ECF No. 8) is **DENIED**. If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to § 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's

---

[1] The envelope bears a postmark from Atlanta, Georgia, dated March 8, 2024. Attach. to Notice of Appeal, ECF No. 7-1. The motion was not docketed by this Court until May 23, 2024. It is unclear what caused the delay in the Court's receipt and docketing of the motion. Regardless, when Plaintiff signed the notice of appeal in March, it was already untimely by several months.

income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

    **SO ORDERED and DIRECTED**, this 4th day of June, 2024.

                              S/Clay D. Land
                              CLAY D. LAND
                              UNITED STATES DISTRICT COURT
                              MIDDLE DISTRICT OF GEORGIA